IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ADDONES SPENCER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-13-692-HE |
|  | ) |  |
| JOHN DOE, | ) |  |
| JOHN DOE, | ) |  |
| JOHN DOE, | ) |  |
| JOHN DOE, | ) |  |
| JANE DOE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff is a federal inmate incarcerated at the Beaumont Federal Correctional Complex (BFCC) in Beaumont, Texas. Plaintiff initiated a civil rights complaint in this Court alleging that during his short confinement at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma, unnamed officers were deliberately indifferent to his serious medical needs. Doc. 1, at 1-5; Doc. 24, at 1-9. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C).

The undersigned granted Plaintiff's motion for leave to proceed in forma pauperis, Doc. 16, and directed the Clerk of the Court to issue Plaintiff's subpoena to the Federal Bureau of Prisons (BOP) for the limited

purpose of trying to identify the unknown defendants. Doc. 25. The BOP responded, alerting the court to the fact that Plaintiff has had three or more previous lawsuits dismissed as frivolous or for failing to state a valid claim for relief. Doc. 40, at 2, 6-7. Having independently reviewed documents from Plaintiff's prior lawsuits, the undersigned recommends that the court VACATE the order allowing Plaintiff to proceed in forma pauperis, Doc. 16, and order Plaintiff to pay the full $400 filing fee before he may proceed further with this action.

I. Analysis.

A. The law.

The Prison Litigation Reform Act's (PLRA) "three strikes" provision was "'designed to bring [prisoner] litigation under control.'" *Childs v. Miller*, 713 F.3d 1262, 1264-65 (10th Cir. 2013) (citation omitted); *see* 28 U.S.C § 1915(g). That statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" provision "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts

2

may consider their civil actions and appeals." *Childs*, 713 F.3d at 1265 (citation omitted).

B. **Application of the law.**

The undersigned has searched the Public Access to Court Electronic Records (PACER) and reviewed the fourteen actions Plaintiff brought before filing the current case. That review reveals that Plaintiff has had at least three cases dismissed as frivolous, malicious, or for failure to state a valid claim for relief, and has accrued at least three strikes. *See, e.g., Spencer v. U.S. Prob. Dep't*, No. 1:12-CV-363 JVB, Doc. 4, at 1, 4 (N.D. Ind. Oct. 23, 2012) (unpublished opinion and order) (dismissing Plaintiff's civil action "pursuant to 28 U.S.C. § 1915A," which directs dismissal when a complaint is frivolous or malicious or fails to state a claim upon which relief may be granted); *Spencer v. City of Fort Wayne*, No. 1:12-CV-364 RM, Doc. 7, at 4 (N.D. Ind. Nov. 26, 2012) (unpublished order) ("[The PLRA] also prohibits [Plaintiff] from proceeding *in forma pauperis* in the future if he files three or more cases that are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A. This case is one of those three."); *Spencer v. Campbell*, No. 2:12-CV-438 JVB, Doc. 3, at 4 (N.D. Ind. Feb. 5, 2013) (unpublished order) (concluding in part that Plaintiff had "fail[ed] to state a § 1983 claim" and dismissing Plaintiff's complaint "pursuant to 28 U.S.C. § 1915A(b)"). Based on these strikes, United States Magistrate Judge Keith F. Giblin from the

United States District Court for the Eastern District of Texas Beaumont Division has repeatedly recommended denying Plaintiff's motions for leave to proceed in forma pauperis. *See Spencer v. Russo*, No. 1:13cv451, Doc. 8, at 1-2 (E.D. Tex. Feb. 20, 2014) (unpublished recommendation) ("As set forth above, [P]laintiff has had at least four prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim. . . . Section 1915(g) therefore bars [P]laintiff from proceeding further with this lawsuit on an *in forma pauperis* basis."), Doc. 11 (E.D. Tex. Mar. 24, 2014) (unpublished order) (granting Plaintiff an extension of time to object to the report and recommendation but denying his motion to proceed in forma pauperis subject to those objections); *Spencer v. Tex. Univ. Med. Branch*, 1:13cv731, Doc. 4, at 1-2 (E.D. Tex. Feb. 20, 2014) (unpublished recommendation) (same), *adopted*, Doc. 6 (June 3, 2014); *Spencer v. Womble*, No. 1:13cv689, Doc. 6, at 1-2 (E.D. Tex. May 1, 2014) (unpublished recommendation) (same), *pending*.

As noted above, the "three strikes" rule does not apply to prisoners under "imminent danger of physical harm." 28 U.S.C. § 1915(g). However, to meet that exception, Plaintiff must make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). Further, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."

4

*Vandiver v. Prison Health Servs., Inc.* 727 F.3d. 580, 585 (6th Cir. 2013) (quotation omitted).

Plaintiff was only temporarily at the FTC in Oklahoma City, Oklahoma, and was already housed at BFCC when he initiated the civil action. Doc. 1. Under these circumstances, the undersigned finds that even with a liberal interpretation, Plaintiff's civil action fails to demonstrate that when Plaintiff filed his complaint, the unknown defendants at FTC in Oklahoma City, Oklahoma were the proximate cause of any imminent physical danger to Plaintiff. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (finding that where the named defendant lacked any control over plaintiff's physical care, the inmate could not satisfy the "imminent danger" requirement to bypass the prepayment of filing fees). Resolution of the present action without prepayment of fees would not alleviate any implied "imminent danger." *See, e.g., id.*; *see also Smith v. Woods*, No. 07-3057-MLB, 2009 WL 528687, at *2 (D. Kan. Mar. 2, 2009) (unpublished order) (rejecting plaintiff's allegation of imminent danger to bypass prepayment of the filling fee on grounds that the named defendant lacked any control over plaintiff's alleged danger because plaintiff was "not in the same facility as defendant") (citing *Day*, 200 F.3d at 667). The undersigned finds that the court should revoke Plaintiff's in forma pauperis status and order him to pay the full $400.00 filing fee before proceeding further in this action.

## II. Recommendation and notice of right to object.

For the above stated reasons, the undersigned finds that Plaintiff has previously acquired "three strikes" and has failed to show he faced any imminent physical danger when he filed his complaint. The court should revoke the order granting Plaintiff in forma pauperis status, Doc. 16, and order Plaintiff to pay the full $400 filing fee within twenty days from the date of any order adopting this report and recommendation. The undersigned also cautions Plaintiff that failure to make the payment will result in dismissal without prejudice of the entire action.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court by June 26, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The undersigned is further advises Plaintiff that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 6th day of June, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE