# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADDONES SPENCER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>JOHN DOE, JOHN DOE, JOHN )<br>DOE, JOHN DOE, JOHN DOE, )<br>)<br>Defendants. ) | NO. CIV-13-0692-HE |

## ORDER

Plaintiff, a federal prisoner appearing *pro se*, filed this § 1983 action against five unnamed officers who, he claims, were deliberately indifferent to his serious medical needs while he was briefly confined at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma.[1] He alleges that head and back injuries he sustained prior to his incarceration were exacerbated when he fell in the shower at the FTC.

Consistent with 28 U.S.C. §636(b)(1)(B),(C), the matter was referred for initial proceedings to Magistrate Judge Suzanne Mitchell, who has recommended that an order granting plaintiff leave to proceed *in forma pauperis* be vacated because plaintiff has had three or more prior lawsuits dismissed as frivolous or for failing to state a valid claim for relief. *See* 28 U.S.C. § 1915(g). She concluded that plaintiff should be required to pay the full $400 filing fee before he is allowed to proceed further in this case as he has not alleged he is under "imminent danger of serious physical injury" as required by the Prison Litigation

---

[1] *Plaintiff currently is incarcerated at the Beaumont Federal Correctional Complex in Beaumont, Texas (USP Beaumont).*

Reform Act's three strikes provision. *Id.*

Plaintiff has responded to the Report and Recommendation, claiming that he is "in imminent danger of nerve damage brain damage due to the lack of care for a year by the USP Beaumont Medical Staff to help cover-up the injuries Spencer suffer by the fall on June 4th 2013 at the Oklahoma Transfer Center." Doc. #51, p. 6. He states that he is asserting "continuing harm as a result of the Defendant(s) and their counter-part to withhold the T.E.N.S. unit or equal relief of the extreme pain, withholding of the wheelchair, withholding treatment of his brain injuries, which causes blur vision, dizziness, headaches, black outs, weakness in the legs." *Id.* at p. 2.

Because he has accumulated three strikes under 28 U.S.C. § 1915(g), plaintiff is "barred from proceeding ifp in future civil actions or appeals in federal court unless he is 'under imminent danger of serious physical injury,' 1915(g), and he makes 'specific [and] credible allegations' to that effect."Childs v. Miller, 713 F.3d 1262, 1267 (10th Cir. 2013) (quoting Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir.2001)). At best, plaintiff has made credible allegations that is in pain because he has been deprived of his TENS Unit. However, he is has not made credible allegations that he is in imminent danger of serious physical injury. Moreover, as the magistrate judge noted, plaintiff does not assert he is at risk of serious injury if the claim or claims alleged in his complaint are not addressed. Rather, he bases his allegations of imminent danger on his alleged treatment while incarcerated at USP Beaumont, which is insufficient for purposes of § 1915(g). *See* Day v. Maynard, 200 F.3d 665 (10th Cir. 1999)

Accordingly, the court **ADOPTS** Magistrate Judge Mitchell's Report and Recommendation and vacates the order granting plaintiff leave to proceed *in forma pauperis* [Doc. #16].  The court **REVOKES** the referral to the magistrate judge and directs plaintiff to pay the full $400 filing fee by **August 16, 2014**, or this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 31st day of July, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE